■ ROSEMARIE L. SHEPPERSON, Appellant, v HECTOR SALAS et al., Respondents and Third-Party Plaintiffs, et al., Third-Party Defendant. DAVID MALBY, Plaintiff, v HECTOR SALAS et al.,

Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant. ELDER GUSTAVE, Appellant, v HECTOR SALAS et al., Respondents. MARVIN JOHNSON, Plaintiff, v HECTOR SALAS et al., Defendants. [628 NYS2d 663] —Judgments, Supreme Court, Bronx County (Hansel McGee, J.), entered on March 11, 1994 and June 27, 1994, dismissing plaintiffs' complaints, unanimously reversed, on the law, without costs or disbursements, the complaints reinstated and the matter remanded for a new trial before another Justice.

The evidence adduced at the liability phase of the bifurcated trial of this personal injury action arising out of an intersection accident shows that two vehicles, originally traveling in opposite directions, collided when one of them made a left-hand turn into the path of the other. As the trial transcript makes clear, a factual issue was raised as to whether the non-turning vehicle, as the operator testified, had a green light in its favor and whether the other vehicle, as its operator testified, had a green turning arrow in its favor. If the green arrow was in the turning vehicle's favor, there is also a question as to whether its operator, given the limited visibility and hazardous roadway conditions then prevailing, exercised reasonable care in making the left-hand turn. Thus, the trial court erred in dismissing the complaints for legal insufficiency at the close of the evidence.

In light of the Trial Justice's characterization of plaintiffs' motives in continuing the action after there had been a partial settlement against one of the alleged tortfeasors, made during the course of excusing the jury after ruling on the trial dismissal motion, the case should be remanded to another Justice for retrial. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.