■ CLAUDIA DURAN, Respondent, v HUMAYUN KABIR, Appellant. [941 NYS2d 50]—

Order, Supreme Court, Bronx County (Diane A. Lebedeff, J.),

entered August 26, 2011, which, in this action for personal injuries sustained in a motor vehicle accident, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant made a prima facie showing of his entitlement to judgment as a matter of law. Defendant submitted expert medical reports of a neurologist, who found normal ranges of motion, and of a radiologist who opined that changes shown in MRIs of the lumbar spine of the then 30-year-old plaintiff were degenerative, and that the MRI of the cervical spine showed no injury (*see Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590-591 [2011]).

In opposition, plaintiff submitted the affirmed reports of her physicians, who found limitations in the range of motion of plaintiff's cervical and lumbar spine shortly after the accident and approximately two years later. Plaintiff also submitted the MRI reports of a radiologist, who noted disc bulges in both the cervical and lumbar spine. This evidence raises triable issues of fact as to whether plaintiff sustained a "significant limitation of use" and "permanent consequential limitation of use" of the cervical and lumbar spine (Insurance Law § 5102 [d]; *see Fuentes v Sanchez*, 91 AD3d 418 [2012]). While the MRI reports are unsworn, they are admissible, as the reports and MRI films were reviewed by one of plaintiff's physicians and were incorporated into the findings of plaintiff's doctors (*see Peluso v Janice Taxi Co., Inc.*, 77 AD3d 491, 492 [2010]). Plaintiff adequately explained the gap in treatment by submitting the affirmed report of a doctor, who opined that plaintiff had "reached an endpoint" in her physical therapy, and that there was no evidence that she was actively improving therefrom (*see Mitchell v Calle*, 90 AD3d 584, 585 [2011]).

Plaintiff's physicians also addressed defendant's findings of degeneration by opining that the injuries were causally related to the accident and that the accident aggravated a previously asymptomatic condition (*see Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [2011]).

Factual issues as to liability are raised by the parties' conflicting deposition testimony. Such issues include whether plaintiff had a green arrow in her favor; whether defendant had the green light in his favor; and whether defendant's taxicab was stopped or moving prior to plaintiff's vehicle turn into the intersection (*see e.g. Shepperson v Salas*, 216 AD2d 199 [1995]). Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ.