◼ LATASHA JAMES, Appellant, v ARGEL A. PEREZ et al., Respondents. [945 NYS2d 283]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered January 31, 2011, which granted defendants' motions for summary judgment dismissing the complaint based on the failure to establish a serious injury pursuant to Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motions denied.

Plaintiff claims to have suffered permanent serious injuries as result of a motor vehicle accident between a livery cab in which she was a passenger and a second car. Defendant Perez made a prima facie showing that plaintiff's claimed injuries were not permanent or significant by submitting affirmed reports of an orthopedic surgeon and a neurologist who found she had a full range of motion in her right knee and lumbar spine, with no evidence of neurological damage (*see* Insurance Law § 5102 [d]; *Grant v United Pavers Co., Inc.*, 91 AD3d 499 [2012]). In addition, defendants Catalino and Duarte Corp. made a prima facie showing that plaintiff's injuries were not causally related to the accident by submitting reports of their expert radiologist, Dr. Tantleff, who opined that the minimal disc bulges in plaintiff's lumbar spine and the abnormalities in her right knee, including a flap tear and lateral displacement, were degenerative in nature, aggravated by her weight, and not inconsistent with her age.

In opposition, plaintiff raised triable issues of fact by presenting the affirmation of her treating orthopedist, who reviewed her MRI films and the unaffirmed reports of the orthopedic surgeon who performed arthroscopic surgery on the right knee. He concluded, based on the medical records and following a series of examinations, that plaintiff had suffered permanent injuries including lumbar disc herniations and tears of the medial and lateral meniscus, caused by the accident (*see Duran v Kabir*, 93 AD3d 566 [2012]). He found limitations in lumbar spine range of motion which correlated with the MRI

findings of lumbar disc herniations (*see Gonzalez v Vasquez*, 301 AD2d 438, 439 [2003]), and made positive findings of qualitative limitations in function of the right knee, as compared to the uninjured left knee, raising an issue as to permanent injury to the right knee persisting after her arthroscopic surgery (*see Suazo v Brown*, 88 AD3d 602 [2011]; *Mitchell v Calle*, 90 AD3d 584, 584-585 [2011]). Plaintiff's expert also opined that the injuries were traumatically induced as the result of the accident, consistent with evidence in the MRI films and the 28-year-old plaintiff's lack of pre-accident right knee or lumbar spine injuries or complaints, thereby raising an issue of fact as to causation (*see Duran*, 93 AD3d at 567; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [2011]).

With respect to plaintiff's 90/180-day claim, defendants did not dispute that she did not return to her work as a nurse's aid for over three months after the accident, during which time she had arthroscopic surgery after an unsuccessful course of physical therapy, or provide any medical evidence that she was able to perform her usual and customary activities for at least 90 of the 180 days following the accident (Insurance Law § 5102 [d]; *see Quinones v Ksieniewicz*, 80 AD3d 506 [2011]). Defendants, however, did submit evidence that plaintiff's injuries were not caused by the accident (*see Townes v Harlem Group, Inc.*, 82 AD3d 583 [2011]). Nevertheless, for the reasons stated above, the opinion of plaintiff's treating physician, as well as the medical reports relied upon, were sufficient to raise an issue of fact as to the 90/180-day claim (*id.*). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.