Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 2, 2011, which granted defendants S.R.M. Management Corp.’s and Victor Cruz-Gonzalez’s motion for summary judgment dismissing the complaint alleging serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of injury of a permanent nature, and otherwise affirmed, without costs.
The 34-year-old plaintiff alleges that she suffered serious injuries to her right knee, right shoulder, and cervical and lumbar spine as the result of a motor vehicle accident that occurred when she was a passenger in a livery cab in February 2009. Although defendants presented conflicting evidence as to whether plaintiff suffered a tear of the rotator cuff of her right shoulder or of the medial meniscus of her right knee, they established prima facie the absence of serious injury through the expert medical reports of a radiologist and orthopedist who opined that MRI films of each body part showed only preexisting, degenerative conditions and no evidence of traumatic injury and the orthopedist’s findings that plaintiff had full range of motion, except for one minor limitation, in all affected parts as of February 2010 (see Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]).
In opposition, plaintiff raised a triable issue of fact by submitting the August 2010 report of her treating orthopedist and surgeon, who, based on his review of the MRI reports and observations during arthroscopic surgery of the knee and shoulder, found that plaintiff had suffered injuries to her knee, shoulder, and spine that were causally related to the accident and that she continued to have quantified limitations in range of motion of each body part (see Thompkins v Ortiz, 95 AD3d 418 *441 [1st Dept 2012]). The physician’s opinion as to causation, based on the history provided, his examination of plaintiff, surgical findings, and review of the MRI reports, and the absence of any pre-accident history of symptoms in the affected body parts, was sufficient to raise an issue of fact (see James v Perez, 95 AD3d 788, 789 [1st Dept 2012]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). Although the physician’s report incorrectly states that he last treated plaintiff on November 17, 2010, a date subsequent to the date of the report, it is clear that the report reflects range of motion findings made at a recent examination. Defendants’ speculation that plaintiff actually was last seen on November 9, 2009, does not eliminate any doubt as to the existence of triable issues of fact (see Rotuba Extruders v Ceppos, 46 NY2d 223, 231 [1978]).
Defendants met their burden as to the 90/180-day claim by relying on plaintiffs deposition testimony that she was confined to home for less than two months, and plaintiff did not raise an issue of fact in opposition (see Winters v Cruz, 90 AD3d 412 [1st Dept 2011]). Concur — Mazzarelli, J.E, Friedman, Catterson, Renwick and Freedman, JJ.