■ ABDOULAYE KONE, Respondent, et al., Plaintiff, v JEAN RODRIGUEZ, Appellant. [967 NYS2d 359]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered March 27, 2012, which denied defendant's motion for summary judgment dismissing the complaint alleging serious injuries to plaintiff Abdoulaye Kone's cervical spine, lumbar spine, and left shoulder under the "permanent consequential limitation of use" and "significant limitation of use" categories of Insurance Law § 5102 (d), unanimously modified, on the law, the motion granted to the extent of dismissing the claim alleg-

ing "permanent consequential limitation," and otherwise affirmed, without costs.

Defendant established prima facie absence of a serious injury by submitting the affirmed report of his orthopedist, who examined plaintiff 2½ years after the accident and found full range of motion, negative test results, and resolved sprains in the cervical spine, lumbar spine, and left shoulder (*see Melo v Grullon*, 101 AD3d 452 [1st Dept 2012]; *Bailey v Islam*, 99 AD3d 633 [1st Dept 2012]). He also established lack of causation as to the lumbar spine and left shoulder by submitting the affirmed MRI reports of his radiologist, who reviewed the MRI films and concluded that the disc bulging and disc herniation in the lumbar spine, and subacromial bone spur in the left shoulder, were degenerative in nature, and found no evidence of acute trauma-related injury in either part of the body (*see Pannell-Thomas v Bath*, 99 AD3d 485, 485-486 [1st Dept 2012]).

Plaintiff failed to raise a triable issue of fact as to existence of a "permanent consequential limitation," as his orthopedist's findings of limitations and positive clinical test results in the cervical spine, lumbar spine, and left shoulder were not based on a recent examination, but on an examination that was performed over 14 months before the examination by defendant's orthopedist (*Vega v MTA Bus Co.*, 96 AD3d 506, 507 [1st Dept 2012]). Nevertheless, plaintiff raised a triable issue of fact as to "significant limitation of use" of all three parts of the body, as the affirmed report of his orthopedist shows persisting meaningful limitations as of a year and three months after the accident (*see Vasquez v Almanzar*, 107 AD3d 538 [1st Dept 2013] [decided simultaneously herewith]; *see also Lopez v Senatore*, 65 NY2d 1017 [1985]; *Estrella v GEICO Ins. Co.*, 102 AD3d 730 [2d Dept 2013]). The orthopedist's opinion that plaintiff's injuries are directly related to the accident, based on his own examination, review of plaintiff's medical records, and plaintiff's reported history of an absence of prior problems in the neck, lower back, or left shoulder, sufficiently raises a triable issue of fact as to causation (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]; *Bonilla v Abdullah*, 90 AD3d 466, 467 [1st Dept 2011], *lv dismissed* 19 NY3d 885 [2012]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]). Concur—Tom, J.P., Acosta, Saxe and Freedman, JJ.