Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 17, 2012, which denied defendants’ motion for summary judgment dismissing the complaint alleging serious injuries under the “significant limitations” of use category of Insurance Law § 5102 (d), unanimously affirmed, without costs.
Elaintiff was driving a livery cab when another cab owned *614 and operated by defendants made a sudden U-turn from oncoming traffic, hitting the left fender of plaintiffs car. Plaintiff alleges that, as a result, he suffered a superior labral tear and other shoulder injuries for which he underwent arthroscopic surgery three months later, and was then out of work for over three months within the 180-day period following the accident. Plaintiff then commenced this action, alleging serious injuries to the shoulder under the “permanent consequential” and “significant limitation of use,” and 90/180-day injury categories of Insurance Law § 5102 (d). The motion court found that the evidence submitted by the parties raised issues of fact as to whether plaintiff suffered a significant limitation of use injury, and defendants do not address the other categories in their appellate brief.
Defendants established prima facie absence of a “significant” limitation in the left shoulder as a result of the accident. Contrary to plaintiffs contention, the findings of minor limitations by defendants’ orthopedist in forward elevation and abduction do not amount to “significant” limitations (see Dufel v Green, 84 NY2d 795, 798 [1995]; Style v Joseph, 32 AD3d 212, 214 n [1st Dept 2006]). Defendants also established prima facie absence of causation by submitting their radiologist’s findings of preexisting degenerative changes and absence of evidence of recent traumatic or causally related injury (see Kone v Rodriguez, 107 AD3d 537 [1st Dept 2013]; Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]). The observation of defendants’ orthopedist that the “mechanism of injury here [was] not one commonly associated with a SLAP lesion,” viewed in conjunction with plaintiff’s deposition testimony that no part of his body hit the interior of his vehicle during the accident, establishes absence of causation as to the SLAP tear found during the surgery.
In opposition, plaintiff submitted his treating physicians’ reports setting forth increasing limitations in quantified terms, and finding increasing positive test results for impingement, in the months preceding his shoulder surgery, which was sufficient to raise a triable issue of fact as to whether he sustained “significant” limitations in use of his shoulder following the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Estrella v GEICO Ins. Co., 102 AD3d 730, 732 [2d Dept 2013]; see also Vasquez v Almanzar, 107 AD3d 538, 539-540 [1st Dept 2013]). The treatment reports were incorporated by reference into the surgeon’s affirmation, and therefore can properly be considered. Plaintiff also raised a triable issue of fact as to causation by submitting his doctor’s finding of a causal relation *615 ship based on his treatment, and conclusion that his surgical findings were consistent with a traumatic etiology, as well as the absence of any prior reported shoulder complaints (see Lugo v Adom Rental Transp., Inc., 102 AD3d 444 [1st Dept 2013]; James v Perez, 95 AD3d 788, 789 [1st Dept 2012]).
We have considered defendants’ remaining arguments and find them unavailing. Concur — Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.