Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 5, 2012, which granted defendants’ motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.
Defendants established prima facie through the affirmed reports of their expert physician and radiologist that the 25-year-old plaintiff had fully recovered from any sprains or strains sustained to his cervical and lumbar spine as a result of the accident, and that the MRI films of the allegedly injured body parts revealed a chronic preexisting condition and no radio- *535 graphic evidence of trauma or causally related injury. The MRI reports prepared by plaintiffs radiologist following the accident confirmed the presence of diffuse degenerative disc disease, as well as bulging discs.
However, in opposition, plaintiff raised an issue of fact by submitting affirmations by the chiropractor who treated him after his accident and a radiologist. The chiropractor stated that plaintiff had significant measurable limitations in range of motion shortly after the accident, and upon recent examination. Regarding the evidence of plaintiffs preexisting degenerative changes, the chiropractor concluded that plaintiff was asymptomatic before the accident and, based on his examination of plaintiff and review of his medical records, that plaintiffs injuries were significant, and causally related to the accident, and not merely a preexisting, degenerative condition (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; McIntosh v Sisters Servants of Mary, 105 AD3d 672 [1st Dept 2013]). Plaintiffs radiologist concurred that the MRIs showed degenerative changes that may occur as a result of aging, but disagreed that there was no radiographic evidence of traumatic injury. Concur— Mazzarelli, J.E, Sweeny, Moskowitz, Freedman and Clark, JJ.