Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 7, 2013, which granted defendant’s motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, and the motion denied.
Defendant failed to establish prima facie that plaintiff did not suffer a serious injury to his right knee as a result of the accident. Defendant’s expert orthopedist did not measure the range of motion of the knee, and failed to identify any tests that were done to support his conclusion that any injuries had resolved (see Lamb v Rajinder, 51 AD3d 430 [1st Dept 2008]). He stated that he could not comment on whether there was any preexisting knee pathology but that he “suspect[ed]” degenerative changes; this statement is too equivocal to satisfy defendant’s burden on the issue of causation (see Glynn v Hopkins, 55 AD3d 498 [1st Dept 2008]). Defendant’s expert chiropractor measured an apparently minor limitation in range of motion of the knee and stated that there was a causal relationship based on the history provided, but declined to provide an opinion regarding plaintiffs disability “as it relates” to the right knee injury and surgery, deferring to “the appropriate specialist.”
Even assuming that defendant made a prima facie showing, plaintiff raised an issue of fact by proffering the report of his treating physician, who performed arthroscopic surgery to repair lateral and medial meniscus tears of the right knee, which were shown on MRI film (see Lopez v Abayev Tr. Corp., 104 AD3d 473 [1st Dept 2013]). The physician opined, based on his review of the MRI, his operative findings, and plaintiffs history, that plaintiff suffered an injury causally related to the accident and that he suffered permanent limitations in range of motion and other continuing symptoms (see Daniels v S.R.M. Mgt. Corp., 100 AD3d 440 [1st Dept 2012]).
Plaintiff having met his threshold burden based on evidence that he suffered serious injury to his right knee, we need not address whether the claimed cervical and lumbar injuries are also sufficient to meet the no fault threshold (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549-550 [1st Dept 2010]).
Concur— Tom, J.E, Friedman, Acosta, Andrias and Richter, JJ.