Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 6, 2012, which, to the extent appealed from as limited by the briefs, granted defendants’ motions for summary judgment dismissing the complaint on the *449 threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motions as to plaintiff Diaz’s claim of permanent consequential or significant limitation of use to his cervical spine, and plaintiff Gomez’s claim of permanent consequential or significant limitation of use of her right knee, and otherwise affirmed, without costs.
Defendants made a prima facie showing that neither plaintiff suffered a serious injury by submitting the affirmed reports of a physician who found normal ranges of motion in all allegedly injured body parts of both plaintiffs and opined that the spinal injuries were not caused by the accident, and a radiologist who opined that there was no trauma in Gomez’s right knee (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]).
In opposition, Diaz raised a triable issue of fact as to his claimed cervical spine injury by submitting affirmed reports of a physician who examined him shortly after the accident, and of another physician who examined him more recently, both of whom found range-of-motion deficits (see Aviles v Villapando, 112 AD3d 534 [1st Dept 2013]). Further, Diaz’s physician opined, following examination and review of the medical records, that there was a direct causal relationship between his current condition and the subject accident (see Kone v Rodriguez, 107 AD3d 537, 538 [1st Dept 2013]). However, Diaz failed to present any evidence of recent or permanent range of motion deficits with respect to the claimed injuries to his lumbar spine and right forearm, sufficient to support a finding of significant or permanent consequential limitations in use (id.).
Gomez raised triable issues of fact as to whether she suffered a serious injury to her right knee, including a torn medial meniscus, by the affirmed reports of her surgeon, who, after performing arthroscopic surgery, opined that she suffered a permanent injury causally related to the subject accident, and of a physician who measured limitations in range of motion before and after the surgery (see Ortiz v Salahuddin, 102 AD3d 617 [1st Dept 2013]). However, Gomez failed to present medical evidence of any range-of-motion deficits continuing for a significant time or of a permanent nature with respect to her other claimed injuries (see Kone, 107 AD3d at 538).
Nevertheless, if Diaz or Guzman prevails at trial on his or her serious injury claim, he or she will be entitled to recover also for the non-serious injuries caused by the accident (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549-550 [1st Dept 2010]).
Defendants demonstrated that neither Diaz nor Guzman *450 satisfied the 90/180-day category of serious injury, by relying on their testimony that they were confined to home for “about a month,” and neither plaintiff presented evidence sufficient to raise an issue of fact as to that category (see Arenas v Guaman, 98 AD3d 461 [1st Dept 2012]).
Concur — Saxe, J.E, Moskowitz, DeGrasse, Feinman and Clark, JJ.