■ ANTHONY MEJIA, Appellant, et al., Plaintiff, v RAFAEL RAMOS et al., Respondents, et al., Defendant. [1 NYS3d 73]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 26, 2014, which granted defendants' motions for summary judgment dismissing the complaint insofar as it alleged serious injury to plaintiff Anthony Mejia's left knee pursuant to Insurance Law § 5102 (d), unanimously modified, on the law, the "significant limitation of use" and 90/180-day injury claims reinstated, and otherwise affirmed, without costs.

Plaintiff was injured on May 10, 2009, when a livery cab in which he was a passenger was involved in a collision with another vehicle. As a result of his injuries, plaintiff underwent arthroscopic knee surgery on July 9, 2009, and two subsequent knee surgeries later that month as a result of a post-surgical infection. Defendants established prima facie that plaintiff did not sustain a serious injury to his knee as a result of the accident by submitting their orthopedist's report finding full range of motion, and concluding that the tears reflected in the operative report were pre-existing degenerative changes (*see Farmer v Ventkate Inc.*, 117 AD3d 562 [1st Dept 2014]; *Batista v Porro*, 110 AD3d 609, 609 [1st Dept 2013]). To the extent plaintiff contends the report itself found abnormalities in the knee, such symptoms, without evidence of some permanent or significant limitation, do not constitute a serious injury under the statute (*see Jno-Baptiste v Buckley*, 82 AD3d 578, 578 [1st Dept 2011]). Contrary to plaintiff's contention, defendants' expert need not review plaintiff's actual MRI films or intra-operative photographs to make a prima facie showing (*see Rosa-Diaz v Maria Auto Corp.*, 79 AD3d 463, 464 [1st Dept 2010]).

In opposition, plaintiff failed to raise a triable issue of fact as to the existence of a "permanent consequential limitation of use" of the knee. Although the report of his recent examination shows permanency, the persisting limitations noted are not sufficiently meaningful to sustain a permanent consequential

limitation claim (*see Arrowood v Lowinger*, 294 AD2d 315, 316 [1st Dept 2002]). Plaintiff did, however, raise a triable issue of fact as to whether he sustained a "significant limitation of use" of the knee by submitting reports from his treating physiatrist and orthopedic surgeon finding significant limitations and positive clinical findings about 1½ months after the accident, and weeks before surgery (*see Thomas v NYLL Mgt. Ltd.*, 110 AD3d 613, 614 [1st Dept 2013]). Plaintiff also raised a triable issue of fact as to causation, since his surgeon concluded that the injuries he observed during surgery were traumatically-induced and causally related to the accident (*see Vargas v Moses Taxi, Inc.*, 117 AD3d 560 [1st Dept 2014]; *Prince v Lovelace*, 115 AD3d 424 [1st Dept 2014]; *Calcano v Rodriguez*, 103 AD3d 490 [1st Dept 2013]). Based on his treatment and review of plaintiff's medical records, the treating physiatrist also opined that the injuries observed during surgery were traumatic in nature and causally related to the accident (*see McSweeney v Cho*, 115 AD3d 572 [1st Dept 2014]; *James v Perez*, 95 AD3d 788, 789 [2012]).

Plaintiff also raised an issue of fact with respect to his 90/180-day claim by submitting medical records showing that he was totally disabled and unable to work from May 11, 2009 through May 15, 2009, and then for about eight months from July 9, 2009 through March 5, 2010, four of which fell within the 180-day statutory period (*see Lopez v Abayev Tr. Corp.*, 104 AD3d 473, 473 [1st Dept 2013]; *James v Perez*, 95 AD3d at 788). Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.