■ SAMUEL CHASTON, Appellant, v MAMADOU DOUCOURE et al., Respondents. [3 NYS3d 33]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 24, 2013, which granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to plaintiff's claims of permanent consequential or significant limitation of use of plaintiff's right shoulder and right knee, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain permanent or significant injuries to his right shoulder, right knee, and lumbar and cervical spines as a result of the accident, by submitting the expert reports of an orthopedic surgeon and radiologist, who concluded that plaintiff's injuries were degenerative in nature and not causally related to the accident (*see Paduani v Rodriguez*, 101 AD3d 470 [1st Dept 2012]). Defendant's radiologist opined that there was "mild" or "moderate" arthritis and the orthopedist opined that the tears found by plaintiff's surgeon were related to the arthritis, especially because there was no bone edema shown in the knee MRI.

In opposition, plaintiff's surgeon opined, based on the history of the accident, his examination, and review of the MRI reports, that the tears in the right shoulder and right knee resulted from the accident. Plaintiff's MRI reports, presented by defendant's expert in his report, found a partial thickness tear in the shoulder with effusion, and the knee had a "sprain of the medial collateral ligament with an effusion," as well as "early degenerative changes in the medial joint line." The dispute between the parties' experts as to whether the tears were related to the arthritis or to the trauma of the accident raises issues of fact (*see e.g. Aviles v Villapando*, 112 AD3d 534 [1st Dept 2013]; *Thomas v NYLL Mgt. Ltd.*, 110 AD3d 613 [1st Dept 2013]).

The court properly dismissed plaintiff's 90/180 claim, as he failed to allege in his bill of particulars that he was incapacitated for at least 90 of the first 180 days following the accident (*see Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.