Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 6, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of Rafael Contin and Mari Mora-Martinez for summary judgment dismissing infant plaintiff Naixsha M.’s claims against all defendants due to her inability to demonstrate a serious injury to her right knee or cervical spine within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to plaintiff’s claim of “significant” limitations of use of her right knee, and otherwise affirmed, without costs.
In June 2011, plaintiff, an unrestrained passenger in a taxi owned by defendant Contin and operated by defendant MoraMartinez, was injured when the taxi struck a New York City Police Department vehicle responding to an emergency.
The moving defendants met their initial burden by showing, through the affirmed report of their expert, that plaintiff had full range of motion in her neck and right knee. The expert further concluded that these injuries were not the result of trauma, as there were no objective neurological findings (see *586 Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]), and no edema in plaintiffs right knee (see Arroyo v Morris, 32 Misc 3d 1240[A], 2010 NY Slip Op 52418[U], *4 [Sup Ct, Bronx County 2010], affd 85 AD3d 679 [1st Dept 2011]; and see Chaston v Doucoure, 125 AD3d 500 [1st Dept 2015]).
In opposition, plaintiff raised an issue of fact as to whether, as a result of the accident, she sustained a serious injury to her right knee involving significant, but not permanent, limitations in use. Her orthopedic surgeon opined that it was necessary to perform arthroscopic surgery on plaintiffs knee about two months after the accident because she continued to be symptomatic despite conservative treatment. During surgery, he found a meniscal tear. In addition, plaintiff underwent therapy for her knee both before and after her August 2011 surgery (see Mejia v Ramos, 124 AD3d 449 [1st Dept 2015]). The surgeon attributed plaintiffs injuries to the accident, and not degeneration, since plaintiff was 16 years old when she was injured, and was previously asymptomatic (see Vera v Islam, 70 AD3d 525 [1st Dept 2010]; June v Akhtar, 62 AD3d 427 [1st Dept 2009]).
However, the medical records submitted by plaintiff show that her surgeon found full range of motion in her knee one month after the surgery. While he found a deficit in range of motion upon examination three years later, the surgeon failed to reconcile his earlier normal findings with that later finding (see Colon v Torres, 106 AD3d 458 [1st Dept 2013]). This failure entitles defendants to summary judgment on any claim of a serious injury based on the “permanent consequential limitation of use” category (see Sutliff v Qadar, 122 AD3d 452, 453 [1st Dept 2014] [internal quotation marks omitted]).
Plaintiff also failed to submit medical evidence sufficient to raise an issue of fact as to whether she suffered either “significant” or “permanent consequential” limitation of use of her cervical spine as a result of the accident, since her physicians found only relatively minor limitations (see Sone v Qamar, 68 AD3d 566 [1st Dept 2009]).
We note that if plaintiff establishes a serious injury, she is entitled to recover damages for all injuries incurred as a result of an accident, even those that do not meet the serious injury threshold (see Rubin v SMS Taxi Corp., 71 AD3d 548, 549-550 [1st Dept 2010]).
Concur — Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.