■ Shah N. Rabb, Appellant, v Alam Mohammed et al., Respondents. [18 NYS3d 35]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered May 27, 2014, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously reversed, on the facts and the law, without costs, and the motion denied.

Defendants established prima facie that plaintiff did not suffer any serious injury as a result of the subject motor vehicle accident by submitting an affirmed report by a radiologist who found that the MRI of the left knee showed no injury and opined that the MRI of the lumbar spine showed only a disc bulge of degenerative origin unrelated to any trauma. In addition, they submitted an affirmed report by an orthopedic

surgeon who opined that the conditions purportedly found by plaintiff's orthopedic surgeon could not have been causally related to the accident (*see Santos v Perez*, 107 AD3d 572 [1st Dept 2013]).

In opposition, plaintiff raised triable issues of fact by submitting an affirmation by his treating orthopedist, who reviewed the MRI films, and concluded, based on his examinations and observations during surgery, that plaintiff suffered permanent injuries to his knee and lumbar spine (*see James v Perez*, 95 AD3d 788 [1st Dept 2012]). The orthopedist found limitations in range of motion shortly after the accident and persisting after treatment and arthroscopic surgery. He opined that the injuries were traumatically induced by the accident, noting that the MRI films showed no evidence of degeneration and that plaintiff was just 27 years old at the time of the accident, thereby raising an issue of fact as to causation (*see id.*; *see also Yuen v Arka Memory Cab Corp.*, 80 AD3d 481 [1st Dept 2011]).

Defendants failed to establish that plaintiff did not sustain an injury of the 90/180-day category, since they neither disputed plaintiff's evidence that he did not return to work for more than three months following the accident nor provided evidence that he was able to perform his usual and customary activities during the relevant period (*see Quinones v Ksieniewicz*, 80 AD3d 506 [1st Dept 2011]). Moreover, as indicated, in opposition to defendants' prima facie showing, plaintiff raised an issue of fact as to causation with his treating physician's evidence (*see James v Perez*, 95 AD3d at 789). Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.