■ REGLA ECHEVARRIA, Appellant, v AMY LEE OCASIO et al., Respondents. [24 NYS3d 272]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 28, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she suffered a serious injury to her cervical or lumbar spine within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to plaintiff's claim that she suffered serious injuries involving significant limitations of use of the cervical and lumbar spine, and otherwise affirmed, without costs.

In opposition to defendants' prima facie showing of the lack of a serious injury (*see Kone v Rodriguez*, 107 AD3d 537, 538 [1st Dept 2013]), plaintiff failed to provide medical evidence reconciling the current findings of limitations in her spine's range of motion and the earlier findings of normal range of motion in the spine. Accordingly, the motion court correctly dismissed her claims of injuries involving "permanent consequential" limitations to the spine (*Perdomo v City of New York*, 129 AD3d 585, 586 [1st Dept 2015]; *see Santos v Perez*, 107 AD3d 572, 574 [1st Dept 2013]). However, plaintiff's medical evidence was sufficient to raise an issue of fact as to whether she suffered injuries involving significant limitation in use of her spine (*see Sutliff v Qadar*, 122 AD3d 452, 453 [1st Dept 2014]).

The motion court correctly dismissed plaintiff's 90/180-day claim, given her deposition testimony that she returned to work immediately after the accident, and was not confined to bed or home during the relevant period (*see Mitrotti v Elia*, 91 AD3d 449, 450 [1st Dept 2012]). Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.