■ SANDRA HAZEL, Respondent, v THOMAS A. COLON, JR., et al., Appellants. [24 NYS3d 307]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 1, 2014, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint for failure to address the issue of a 90/180-day serious injury under Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants correctly contend that they addressed plaintiff's claim of a serious injury in the 90/180-day category. Moreover, they established prima facie that plaintiff did not sustain a serious injury of that type by submitting evidence that the injuries she allegedly sustained were not caused by the motor vehicle accident. Plaintiff's own medical records showed that she had preexisting injuries to her cervical and lumbar spines resulting from earlier work-related accidents, and defendants' orthopedic surgeon opined that plaintiff's right knee injury was degenerative and not traumatic in nature (see Chaston v Doucoure, 125 AD3d 500 [1st Dept 2015]; Galarza v J.N. Eaglet Publ. Group, Inc., 117 AD3d 488 [1st Dept 2014]; Santos v Perez, 107 AD3d 572 [1st Dept 2013]).

However, in opposition, plaintiff raised a triable issue of fact as to causation in connection with the injury to her right knee. During surgery, her treating orthopedic surgeon observed injuries to her right knee that were traumatically induced and causally related to the accident (see Mejia v Ramos, 124 AD3d 449 [1st Dept 2015]; James v Perez, 95 AD3d 788 [1st Dept 2012]). Plaintiff was entitled to rely upon the surgeon's postoperative report, because the report was referenced and relied upon by defendant's experts (Amamedi v Archibala, 70 AD3d 449 [1st Dept 2010], lv denied 15 NY3d 713 [2010]). Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.