■ ELSI BURGOS, Plaintiff, and ALPHONSO LYTHCOTT, Appellant, v ALOU DIOP et al., Respondents. [33 NYS3d 257]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered June 3, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff Alphonso Lythcott's claims alleging serious injuries to his shoulders under the "permanent consequential" and "significant" limitation of use categories and the 90/180-day injury category of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied to the extent plaintiff alleges serious injuries to his shoulders under the "significant limitation of use" category, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff did not suffer a "permanent consequential" or "significant" limitation of use of his shoulders as a result of the accident by submitting their orthopedist's report finding full range of motion and negative clinical test results, and their radiologist's report finding that the MRI films of the shoulders showed only preexisting degenerative conditions and no acute traumatic changes (*see Lee v Lippman*, 136 AD3d 411, 412 [1st Dept 2016]; *Walker v Whitney*, 132 AD3d 478 [1st Dept 2015]).

In opposition, plaintiff raised an issue of fact as to whether he sustained an injury involving "significant" limitation of use in the shoulders by submitting his orthopedic surgeon's report, which set forth quantified findings of limitations in range of motion, and findings of positive impingement signs in the months preceding the shoulder surgeries, and noted observations of tears during the arthroscopic surgeries (*see Kang v Almanzar*, 116 AD3d 540, 541 [1st Dept 2014]; *Thomas v NYLL Mgt. Ltd.*, 110 AD3d 613, 614 [1st Dept 2013]). His orthopedic surgeon also sufficiently addressed the causation issue, as his opinion that there was a causal relationship was based on his own treatment of plaintiff, review of plaintiff's MRI records, and observations during the surgeries, as well as the history provided by plaintiff (*see Kang*, 116 AD3d at 541; *Kone v Rodriguez*, 107 AD3d 537, 538 [1st Dept 2013]; *Daniels v S.R.M. Mgt. Corp.*, 100 AD3d 440, 440 [1st Dept 2012]). Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels, Kapnick and Kahn, JJ.