■ MARIA LIZ, Appellant, v EDUARDO MUNOZ, Respondent. [53 NYS3d 276]—

Order, Supreme Court, Bronx County (Sharon A. M. Aarons, J.), entered April 13, 2016, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the complaint alleging that plaintiff suffered a serious injury to her right shoulder within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated to that extent.

In opposition to defendant's prima facie showing that plaintiff did not suffer a serious injury to her right shoulder as a result of the subject motor vehicle accident, plaintiff submitted the affirmed report of her orthopedic surgeon, which was

sufficient to raise a triable issue of fact. He observed a type I SLAP tear during arthroscopic surgery, measured limitations in range of motion both before surgery and over two years later, and provided a sufficient opinion that there was a causal relationship to the accident based on the plaintiff's history, his own treatment of plaintiff, his review of the MRI report, and observations during surgery (*see Burgos v Diop*, 140 AD3d 521, 522 [1st Dept 2016]; *Daniels v S.R.M. Mgt. Corp.*, 100 AD3d 440 [1st Dept 2012]). The measured limitations, in multiple planes, were not so slight as to be insignificant as a matter of law (*cf. Stevens v Bolton*, 135 AD3d 647 [1st Dept 2016]).

Contrary to defendant's argument, plaintiff's orthopedic surgeon was not required to use any particular instruments to measure the ranges of motion (*see Frias v Son Tien Liu*, 107 AD3d 589, 589 [1st Dept 2013]), and any discrepancies between his reports raise issues of credibility for the factfinder (*see Sung v Mihalios*, 44 AD3d 500 [1st Dept 2007]).

We have considered defendant's remaining grounds for affirmance and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.