■ Joseph Bux, Appellant, v Selim Pervez et al., Respondents. [68 NYS3d 67]—

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about April 21, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that he suffered a serious injury to his cervical spine, lumbar spine or right shoulder within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion with respect to plaintiff's claims that he suffered a serious injury to his right shoulder, and otherwise affirmed, without costs.

Plaintiff alleges that he sustained permanent consequential and significant limitations in his cervical spine, lumbar spine and right shoulder as a result of the subject motor vehicle accident. Defendants made a prima facie showing that plaintiff's conditions were not causally related to the accident by submitting the affirmed report of a radiologist, who opined that the MRI films of the cervical spine, lumbar spine and right shoulder all revealed degenerative conditions that preexisted the accident (*see Rivera v Fernandez & Ulloa Auto Group*, 123 AD3d 509, 509 [1st Dept 2014], *affd* 25 NY3d 1222 [2015]; *Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]). They also submitted the affirmed report of an orthopedist who found normal range of motion in the shoulder.

In opposition, plaintiff submitted his own medical records, which included an X-ray report of his spine showing extensive degeneration, but failed to submit any medical report explaining those findings. Thus, he failed to raise an issue of fact causally relating his claimed spinal injuries to the accident (*see Rivera*, 123 AD3d at 509-510; *Alvarez*, 120 AD3d at 1044).

However, with respect to his right shoulder, plaintiff raised an issue of fact through the affirmed report of his orthopedic surgeon, who examined him within months after the accident and four years later. That doctor found limitations in range of motion at both examinations, and opined that the tears in plaintiff's right shoulder were caused by the accident, based on his examinations of plaintiff, his review of the MRI film and report, and the fact that plaintiff was asymptomatic before the accident (*see Ahmed v Cannon*, 129 AD3d 645, 647 [1st Dept 2015]; *Yuen v Arka Memory Cab Corp.*, 80 AD3d 481, 482 [1st Dept 2011]).

Under the circumstances, plaintiff's cessation of physical therapy treatment is not dispositive. He provided other evi-

dence concerning the causation and seriousness of his shoulder injury (*see generally Pommells v Perez*, 4 NY3d 566, 577 [2005]), and was not required to provide any particular proof of his inability to pay for costs associated with treatment (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905, 906 [2013]). Concur—Acosta, P.J., Richter, Mazzarelli, Andrias and Gesmer, JJ.