Rodriguez v Konate (2018 NY Slip Op 03621)





Rodriguez v Konate


2018 NY Slip Op 03621


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Friedman, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6588 300184/15

[*1]Ricardo Rodriguez, Plaintiff-Appellant,
v
Adame Konate, et al., Defendants-Respondents.


Daniel S. Berke, Brooklyn, for appellant.
Baker, McEvoy, Morrison & Moskovits, P.C., Brooklyn (Robert D. Grace of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered February 6, 2017, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims of serious injury of a permanent nature within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion denied.
Defendants established prima facie that plaintiff did not suffer serious injuries of a permanent nature to his cervical or lumbar spine or his knees by submitting the affirmed report of a radiologist who opined that the MRI films of those body parts showed chronic degenerative conditions that were unrelated to trauma caused by the accident (see Chaston v Doucoure, 125 AD3d 500 [1st Dept 2015]; Rickert v Diaz, 112 AD3d 451 [1st Dept 2013]). They also submitted the report of an orthopedic surgeon who, although he declined to compare plaintiff's range of motion values to normal values, found no objective evidence of injury upon recent examination using diagnostic tests.
In opposition, plaintiff raised an issue of fact by submitting affirmations by his radiologist and orthopedic surgeon, who affirmed the contents of their post-accident MRI and operative reports, finding bulging discs in the spine and meniscal tears in both knees. In addition, he submitted a narrative report by his treating physician detailing her post-accident findings of limited range of motion and other symptoms of injury and opining that the injuries were caused by the accident (see Perl v Meher, 18 NY3d 208, 217-218 [2011]). Plaintiff also submitted a report from another physician, who conducted a recent examination, found continuing range of motion deficits, and attributed all of plaintiff's injuries to the accident (see Mejia v Ramos, 124 AD3d 449 [1st Dept 2015]; James v Perez, 95 AD3d 788, 789 [1st Dept 2012]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]). Since defendants did not present any evidence of preexisting bulging discs or torn menisci in plaintiff's own medical records, nothing [*2]further was required of plaintiff in opposition to their motion (Sanchez v Oxcin, 157 AD3d 561, 563 [1st Dept 2018]; see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK