Tejada v LKQ Hunts Point Parts (2018 NY Slip Op 07663)





Tejada v LKQ Hunts Point Parts


2018 NY Slip Op 07663


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7586 302795/14

[*1]Nestor D. Tejada, Plaintiff-Respondent,
v
LKQ Hunts Point Parts, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants.
Mitchell Dranow, Sea Cliff, for respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about September 26, 2017, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing plaintiff's claims that he suffered a serious injury involving "significant" and "permanent consequential" limitation of use of his lumbar spine and a 90/180-day injury under Insurance Law § 5102(d), unanimously modified, on the law, to grant the motion with respect to plaintiff's claim of "permanent consequential" limitation of use of his lumbar spine and his 90/180-day claim, and otherwise affirmed, without costs.
Defendants met their prima facie burden of demonstrating lack of serious injury to plaintiff's lumbar spine by submitting the expert reports of a neurologist and orthopedist who found near normal range of motion and opined that plaintiff's subjective complaints were not substantiated by clinical objective findings (see Moore-Brown v Sofi Hacking Corp., 151 AD3d 567 [1st Dept 2017]; Reyes v Se Park, 127 AD3d 459, 460 [1st Dept 2015]). Defendants further showed that plaintiff's lumbar spine condition was not causally related to the March 2013 motor vehicle accident through the report of their radiologist, who opined that plaintiff's MRI showed multilevel degenerative disc disease (see Rabb v Mohammed, 132 AD3d 527 [1st Dept 2015]; Young Kyu Kim v Gomez, 105 AD3d 415 [1st Dept 2013]).
In opposition, plaintiff raised a triable issue of fact as to the existence of an injury involving a "significant" limitation of use of his lumbar spine, but not as to a "permanent consequential" limitation of use injury (see Kang v Almanzar, 116 AD3d 540 [1st Dept 2014]; Kone v Rodriguez, 107 AD3d 537 [1st Dept 2013]). Plaintiff's orthopedic surgeon, who performed a discectomy procedure in May 2014, sufficiently addressed the findings of degeneration by opining that the MRI films did not show degeneration and that plaintiff's acute onset lumbar condition was causally related to the accident (see Rabb v Mohammed, 132 AD3d at 528; Young Kyu Kim v Gomez, 105 AD3d at 415). Plaintiff also demonstrated the existence of significant limitations in his lumbar spine range of motion, both shortly after the accident and nine months later, through the reports of his orthopedic surgeon and his post-accident treatment records (see Castillo v Abreu, 132 AD3d 520, 521 [1st Dept 2015]). Since the medical records were submitted by defendants and were properly before the court, plaintiff was entitled to rely on them (see Wenegieme v Harriott, 157 AD3d 412 [1st Dept 2018]).
However, plaintiff failed to provide a reasonable explanation for his complete cessation of treatment for his lumbar spine conditions after the May 2014 procedure. Plaintiff's claim that he ceased treatment because of an inability to pay due to a lack of no-fault insurance, is unpersuasive in light of his testimony that he had other insurance (see Alverio v Martinez, 160 AD3d 454 [1st Dept 2018]; Vila v Foxglove Taxi Corp., 159 AD3d 431 [1st Dept 2018]). The cessation of treatment renders the opinion of a nontreating physician, based on an examination of plaintiff in December 2016, speculative concerning the permanence and causation of plaintiff's condition at that time (id. at 432; see Merrick v Lopez-Garcia, 100 AD3d 456 [1st Dept 2012]).
Plaintiff's allegation in his bill of particulars that he was confined to home and bed for just eight weeks after the accident, defeats his 90/180-day claim (see Streeter v Stanley, 128 AD3d 477, 478 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK