Pouchie v Pichardo (2019 NY Slip Op 05222)





Pouchie v Pichardo


2019 NY Slip Op 05222


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9775 308501/12

[*1]Naomi Pouchie, Plaintiff-Appellant,
v
Sandra Pichardo, et al., Defendants-Respondents.


Spiegel & Barbato, LLP, Bronx (Stephen A. Iannacone of counsel), for appellant.
Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), for Sandra Pichardo, respondent.
Russo & Tambasco, Melville (Susan J. Mitola of counsel), for Ronald Harrison, respondent.
Robert D. Grace, Brooklyn, for Edgar Feijoo, respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about April 20, 2018, which granted defendants' motions and cross motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, the motions and cross motion denied as to plaintiff's claims of serious injury to the right shoulder, cervical spine, and psychological injuries, and otherwise affirmed, without costs.
Defendants failed to meet their prima facie burden as to plaintiff's claim that she sustained post-traumatic stress disorder and panic attacks as a result of the accident, since they submitted no evidence in connection with those claims nor otherwise challenged them (see Singer v Gae Limo Corp., 91 AD3d 526, 527 [1st Dept 2012]). Accordingly, the burden did not shift to plaintiff on that issue.
However, defendants established prima facie that plaintiff did not sustain permanent or significant injuries to her cervical spine, lumbar spine, or right shoulder through the reports of their expert orthopedist and neurologist, who found negative clinical test results and normal range of motion in both sections of the spine, and in the right shoulder (see e.g. Castro v DADS Natl. Enters., Inc., 165 AD3d 601, 601 [1st Dept 2018]; Alverio v Martinez, 160 AD3d 454, 454 [1st Dept 2018]). As to the claimed cervical spine and right shoulder injuries, defendants also established prima facie that the injuries were not causally related to the accident through the report of their radiologist, who opined that plaintiff's MRIs showed conditions that were longstanding, chronic and degenerative in nature (see e.g. Auquilla v Singh, 162 AD3d 463, 463 [1st Dept 2018]).
In opposition, plaintiff raised an issue of fact as to
causation of her cervical spine and right shoulder injuries by submitting an earlier report prepared by defendant's expert orthopedist, in which she concluded, based on her review of plaintiff's medical records and examination of plaintiff, that these injuries were causally related to the accident. This opinion, which contradicts both her later conclusion and the opinion of defendant's radiologist, raises an issue of fact as to causation (see Johnson v Salaj, 130 AD3d 502, 502-503 [1st Dept 2015]). Concerning her right shoulder claim, plaintiff raised an issue of fact through the report of her treating orthopedic surgeon who documented limitations in range of motion, recounted his direct observations of plaintiff's injuries during surgery, and causally related them to the accident, disagreeing with defendant's radiologist (see Liz v Munoz, 149 AD3d 646 [1st Dept 2017]; Bux v Pervez, 156 AD3d 550, 551 [1st Dept 2017]; Hazel v Colon, 136 AD3d 483 [1st Dept 2016]). Concerning her cervical spine claim, plaintiff submitted the [*2]report of her treating physiatrist, who also documented limitations in range of motion and, while acknowledging the existence of arthritis and degeneration, opined that the accident exacerbated and aggravated the condition (see Ortiz v Boamah, 169 AD3d 486, 488 [1st Dept 2019]). Plaintiff's medical records, including MRI reports prepared about three months after the accident, provide evidence of contemporaneous treatment, supporting plaintiff's claim of serious injury within the meaning of the statute (see Vishevnik v Bouna, 147 AD3d 657, 659 [1st Dept 2017]; Salman v Rosario, 87 AD3d 482, 484 [1st Dept 2011]).
Plaintiff submitted no admissible medical evidence concerning her lumbar spine injury, and therefore failed to raise an issue of fact as to whether that constituted a serious injury (see Santana v Centeno, 140 AD3d 437, 438 [1st Dept 2016]; Singer, 91 AD3d at 526). Should a jury determine that plaintiff has met the threshold for serious injury, it may award damages for all of her injuries causally related to the accident, even those not meeting the serious injury threshold (Santana, 140 AD3d at 438; Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
Finally, defendants established their entitlement to dismissal of plaintiff's 90/180-day claim by relying on her deposition testimony, in which she admitted that she was not confined to home immediately following the accident (see e.g. Echevarria v Ocasio, 135 AD3d 661, 662 [1st Dept 2016]; Dennis v New York City Tr. Auth., 84 AD3d 579, 579 [1st Dept 2011]). In opposition, plaintiff did not submit any medical or other documentary proof in support of her claim that she could not return to work and was confined to home following the accident (see Martin v Portexit Corp., 98 AD3d 63, 68 [1st Dept 2012]; Rosa-Diaz v Maria Auto Corp., 79 AD3d 463, 464 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK