Hess v Fabrizi (2023 NY Slip Op 05538)

Hess v Fabrizi

2023 NY Slip Op 05538

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 155232/19 Appeal No. 777 Case No. 2022-05778 

[*1]George Hess, Plaintiff-Appellant,
v
P.O. Thomas P. Fabrizi et al., Defendants, Huzaifa Akram et al., Defendants-Respondents.

Hofmann Schweitzer, New York (Dario Anthony Chinigo of counsel), for appellant.
Marjorie E. Bornes, Brooklyn, for respondents.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered August 24, 2022, which, to the extent appealed from as limited by the briefs, granted defendants Huzaifa Akram and Chelsea Cab Corp.'s motion for summary judgment, and, upon a search of the record, granted defendants P.O. Thomas P. Fabrizi, the City of New York, and the New York City Police Department summary judgment dismissing the complaint as against them for lack of a serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated against all defendants.
Plaintiff alleges that he sustained injuries to his brain, lumbar spine, left shoulder, and left knee as a result of a motor vehicle accident that occurred while he was a passenger in a taxicab owned by defendant Chelsea Cab Corp. and operated by defendant Huzaifa Akram. The taxicab was t-boned at an intersection by an unmarked police vehicle operating without sirens or lights. Plaintiff was removed from the vehicle by EMTs, who then transported him by ambulance to the hospital.
In opposition to defendants' prima facie showing that plaintiff did not suffer a serious injury to his brain, lumbar spine, left shoulder, and left knee as a result of the motor vehicle accident, plaintiff submitted an affirmation and an affirmed narrative report from an orthopedist, which was sufficient to raise a triable issue of fact. The expert orthopedist reviewed plaintiff's medical records, and contemporaneous diagnostic studies, including MRIs, as well as examined plaintiff. During the examination the orthopedist found significant range of motion limitations in the left shoulder, left knee, and lumbar spine. He also noted that plaintiff will likely require shoulder surgery. The orthopedist reviewed the MRIs, which were taken approximately six weeks to two months after the accident and observed that they showed a right temporal lobe encephalomalacia of the brain, a labral tear/SLAP tear in the left shoulder, and a tear of the medial meniscus of the left knee. The orthopedist attributed all these deficits to the accident, opining that they were indicative of a traumatic process (Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]["plaintiff raised an issue of fact through the report of her treating orthopedic surgeon who documented limitations in range of motion . . . and causally related them to the accident, disagreeing with defendant's radiologist"]; Liz v Munoz, 149 AD3d 646, 647 [1st Dept 2017][the plaintiff's orthopedic surgeon "observed a type I SLAP tear during arthroscopic surgery, [and] measured limitations in range of motion" sufficient to raise a triable issue of fact]).
Lastly, and contrary to the motion court's finding, plaintiff's expert did acknowledge that plaintiff's medical history included a work-related injury to his lower back in 2000, which has caused intermittent pain over the years.
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023