■ GUILLERMO COLON, Respondent, v BERNARDO TAVARES et al., Appellants. [873 NYS2d 637]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered August 5, 2008, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Neither of plaintiff's experts address defendants' admittedly sufficient prima facie showing that plaintiff's allegedly partially

disabling spine and shoulder conditions revealed in MRIs taken shortly after the accident were due to preexisting, degenerative changes unrelated to any traumatic injury that could be attributed to the accident. Accordingly, no issue of fact exists as to whether the accident caused a permanent or significant loss or limitation (*see Pommells v Perez*, 4 NY3d 566, 577-578, 579-580 [2005]; *Valentin v Pomilla*, 59 AD3d 184 [2009]; *Reyes v Esquilin*, 54 AD3d 615 [2008]). While defendants' doctors acknowledge the possibility that the accident might have aggravated plaintiff's preexisting conditions, causing his acute symptoms in the emergency room, plaintiff fails to support his claim of a 90/180-day injury with evidence that he was unable to perform his usual and customary daily activities. In this regard, a reduced or changed work schedule is insufficient (*Ronda v Friendly Baptist Church*, 52 AD3d 440 [2008]; *Lopez v Simpson*, 39 AD3d 420 [2007]). Concur—Andrias, J.P., Friedman, Buckley, Catterson and Acosta, JJ.