JAMILUDEN HANIFF, Respondent, v ADIL KHAN et al., Appellants. [958 NYS2d 89]—

Plaintiff's car was rear-ended by a cab driven and owned by defendants on September 24, 2009, and he subsequently commenced this action alleging serious injuries to his lower back and left shoulder under the "significant limitation," "permanent consequential limitation," and 90/180-day injury categories of Insurance Law § 5102 (d).

Defendants established prima facie absence of a serious injury in the lumbar spine and shoulder by submitting the affirmed report of an orthopedist who examined plaintiff in October 2010 and found full range of motion, negative clinical test results, and resolved sprains (*see Castillo v Cinquina*, 85 AD3d 660 [1st Dept 2011]; *Christian v Waite*, 61 AD3d 581, 582 [1st Dept 2009]).

Plaintiff failed to raise a triable issue of fact. He did not submit any recent evidence of limitations in his lumbar spine, and his expert reported the lumbar spine was asymptomatic. As to the shoulder, plaintiff's orthopedist found only minor limitations in range of motion which are insufficient to establish existence of a "significant" or "consequential" limitation (*see Style v Joseph*, 32 AD3d 212, 214 n [1st Dept 2006]; *Arrowood v Lowinger*, 294 AD2d 315, 316 [1st Dept 2002]; *Bandoian v Bernstein*, 254 AD2d 205 [1st Dept 1998]). Further, plaintiff returned to work without limitation after two days and his orthopedist noted that he stopped treatment at his office after two months, at which time he exhibited only mild limitations, which are not a serious injury (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

Defendants established entitlement to dismissal of the 90/180-day injury claim by submitting plaintiff's verified bill of particulars alleging that he was confined to bed and home and was substantially disabled for only two days (*see Rosa v Mejia*, 95 AD3d 402, 405 [1st Dept 2012]; *Onishi v N & B Taxi, Inc.*, 51 AD3d 594, 595 [1st Dept 2008]). Plaintiff did not submit any evidence to raise a triable issue of fact. Rather, the deposition testimony, which he submitted, confirmed that he missed two days of work. Concur—Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.