■ Angela Streeter, Appellant, v Juanita Stanley et al., Respondents. [10 NYS3d 11]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 18, 2014, which granted defendants' motion for summary judgment dismissing the complaint based on the failure to establish a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to plaintiff's claims of permanent consequential or significant limitation of use of plaintiff's left knee, and otherwise affirmed, without costs.

Defendants satisfied their prima facie burden by submitting, inter alia, the affirmed report of an orthopedist, who, upon examining plaintiff, found no objective evidence of injury and full range of motion in the cervical spine, lumbar spine, and left knee (*see Kone v Rodriguez*, 107 AD3d 537 [1st Dept 2013]). Defendants also submitted plaintiff's deposition testimony that she was confined to home for just two days after the accident. In opposing the motion, plaintiff raised a triable issue of fact with respect to whether she suffered a serious injury to her left knee. Defendants contend that it is irrelevant that the affirmed report of Dr. Neuman, plaintiff's expert, noted range of motion limitations in the knee, because the report was based on an examination performed three years after the accident. However, there is no requirement that, to defeat summary judgment, a plaintiff must show quantitative measurements suggesting serious injury that are recorded contemporaneous to the accident (*see Perl v Meher*, 18 NY3d 208, 217 [2011]). While some contemporaneous report of a plaintiff's condition may be neces-

sary to establish causation (*id.* at 217-218), defendants did not raise causation in their prima facie summary judgment showing.

Further, plaintiff's verified bill of particulars, in alleging "left knee contusions, pain and stiffness," adequately placed defendants on notice as to the nature of that injury. Although Dr. Neuman's report was somewhat more specific in stating that, with respect to the knee, plaintiff suffered persistent chondromalacia and synovitis, internal derangement and atrophy, defendants do not assert that these conditions are qualitatively different from what was particularized by plaintiff. Moreover, defendants' expert issued a report that reflected a full examination of plaintiff's left knee. Accordingly, defendants have suffered no prejudice or surprise (*see Valenti v Camins*, 95 AD3d 519, 521-522 [1st Dept 2012]). We note that if the jury determines that plaintiff sustained a serious injury to the left knee, it may award damages for all of plaintiff's injuries causally related to the accident (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

Plaintiff raised an issue of fact as to whether her cessation in treatment was indicative of a lack of serious injury, since she testified that her no-fault benefits ran out and that she did not have private insurance to pay for further treatment.

Finally, the court properly dismissed plaintiff's 90/180-day claim, as she failed to allege in her bill of particulars that she was incapacitated for at least 90 of the first 180 days following the accident (*see Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.