■ EDUARDO VELASQUEZ, Respondent, v MTA BUS COMPANY et al., Appellants. [19 NYS3d 18]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about May 27, 2014, which granted plaintiff's motion for partial summary judgment on the issue of liability and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff made a prima facie showing of negligence on the part of defendant bus driver by relying on the parties' deposition testimony, which showed that the accident occurred when plaintiff was riding his bicycle in the middle lane of traffic, and defendant bus driver came up behind him and, without honking or signaling, moved the bus toward the left lane in an attempt to pass the bicycle. According to defendant driver, the contact between the front side of the bus and the bicycle occurred while the bus was straddling the middle and left lanes. The evidence that defendant driver made an unsafe lane change, without signaling or leaving a safe distance between the vehicles in violation of traffic laws, establishes defendants' negligence (*see* Vehicle and Traffic Law §§ 1122 [a]; 1128; *Cascante v Kakay*, 88 AD3d 588 [1st Dept 2011]).

Furthermore, the parties both testified that plaintiff was in the middle lane at all times, and defendant driver admitted that he had taken his eyes off plaintiff in the seconds before the accident in order to check his mirror. Thus, defendant driver's testimony that he believed the accident occurred because plaintiff merged toward the left into the bus is speculative and insufficient to raise an issue of fact (*see Garcia v Verizon N.Y., Inc.*, 10 AD3d 339, 340 [1st Dept 2004]). Concur— Sweeny, J.P., Acosta, Renwick and Moskowitz, JJ.