■ KOFI ADU, Appellant, v LLOYD KIRBY et al., Respondents. [18 NYS3d 376]—

Order Supreme Court, Bronx County (Betty Owen Stinson, J.), entered August 4, 2014, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury under Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion as to the claims of injury to the left shoulder, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain permanent consequential or significant limitations in the cervical spine, thoracolumbar spine, left knee, or left shoulder as a result of the subject motor vehicle accident by submitting an affirmed report by their medical expert, who determined, after examining plaintiff, that plaintiff had full range of motion, negative clinical test results, and no neurological deficits (*see e.g. Malupa v Oppong*, 106 AD3d 538, 539 [1st Dept 2013]; *Acosta v Zulu Servs., Inc.*, 129 AD3d 640, 640 [1st Dept 2015]).

In opposition, plaintiff failed to raise a triable issue of fact with respect to his cervical spine, thoracolumbar spine, and left knee, since he submitted no objective medical evidence to substantiate his claim that he suffered "permanent consequential" or "significant" limitations of use of those body parts (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, 353 [2002]).

However, plaintiff raised a triable issue of fact as to a serious injury to his left shoulder by submitting affirmed reports by a diagnostic radiologist who opined that an MRI showed injuries to the shoulder, and by his orthopedic surgeon, who examined plaintiff on numerous occasions and found limitations in range of motion. The orthopedist's opinion as to causation and permanence, based on his examinations, coupled with the radiologist's MRI report that plaintiff sustained a partial thickness undersurface tear of the, supraspinatus tendon, is sufficient to raise a triable issue of fact (*see Bonilla v Abdullah*, 90 AD3d 466 [1st Dept 2011], *lv dismissed* 19 NY3d 885 [2012]).

Defendants established prima facie that plaintiff did not sustain a serious injury under the 90/180-day category by relying on plaintiff's bill of particulars, which did not include a 90/180-day claim, and his deposition testimony that he did not miss any work after the accident (*see Colon v Tavares*, 60 AD3d 419 [1st Dept 2009]; *Komina v Gil*, 107 AD3d 596 [1st Dept 2013]). Plaintiff's testimony that he was unable to jump rope, play soccer, and lift heavy baggage with his left hand failed to raise an issue of fact whether his claimed injuries prevented him from "performing substantially all of the material acts which constitute[d] [his] usual and customary daily activities" (Insurance Law § 5102 [d]).

At trial, if plaintiff establishes a serious injury to his left shoulder, he may recover for all injuries causally related to the accident, even those that do not meet the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]). Concur—Gonzalez, P.J., Mazzarelli, Richter and Manzanet-Daniels, JJ.