■ DANYELLE P. BLOCKER, Appellant, v YUN BAEK SUNG et al., Respondents. [25 NYS3d 16]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered June 11, 2014, which granted defendants' motion for summary judgment dismissing the complaint on the threshold issue of serious injury within the meaning of Insurance Law § 5102 (d), and denied plaintiff's cross motion for summary judgment on the issue of liability as moot, unanimously modified, on the law, to deny defendants' motion with respect to the claim of serious injury to the lumbar spine, and to grant plaintiff's cross motion, and otherwise affirmed, without costs.

Defendants established prima facie that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) by submitting an affirmed report by their medical expert, who determined, after examining her, that plaintiff had full range of motion and negative clinical test results in each body part and that any injuries had been resolved (see Clementson v Price, 107 AD3d 533 [1st Dept 2013]; Malupa v Oppong, 106 AD3d 538 [1st Dept 2013]; Barry v Arias, 94 AD3d 499 [1st Dept 2012]). As to plaintiff's claimed right knee injury, defendants also relied on plaintiff's testimony that she had previously sustained a workplace injury to that knee that required surgery, and on their expert's opinion, following review of plaintiff's MRI and operative reports, that any mild tenderness in the knee was due to that preexisting injury.

In opposition, plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her lumbar spine by submitting a report by her chiropractor, who found restricted range of motion after the accident and limitations in range of motion, which he expressed as a percentage of normal, four years later. The chiropractor's opinion as to causation and the permanence of plaintiff's lower back injury, based upon his examinations and review of MRI reports done before and after the accident, is sufficient to raise a triable issue of fact (see Bonilla v Abdullah, 90 AD3d 466 [1st Dept 2011], lv dismissed 19 NY3d 885 [2012]; Colon v Bernabe, 65 AD3d 969 [1st Dept 2009]; Sanchez v Draper, 123 AD3d 492 [1st Dept 2014]). The

MRI reports were relied upon and not disputed by defendants' expert in preparing his report, and are therefore properly considered (*see Macdelinne F. v Jimenez*, 126 AD3d 549 [1st Dept 2015]).

As for the claimed cervical spine injury, plaintiff did not submit sufficient medical evidence to raise an issue of fact since she neglected to include the relevant MRI report in the record, and the record contains admissions that her neck injury had resolved. However, if she establishes a serious injury to her lumbar spine at trial, plaintiff will be entitled to recover damages for any other injuries caused by the accident, even those that do not meet the serious injury threshold (*Rubin v SMS Taxi Corp.*, 71 AD3d 548 [1st Dept 2010]).

With respect to the 90/180-day claim, defendants showed that plaintiff was not prevented from performing all her usual and customary daily activities for more than 90 days during the 180 days immediately following the accident (see Insurance Law § 5102 [d]), by submitting her own deposition testimony and affidavit, in which she admitted that she was only confined to her home for one week following surgery and did not miss any work until some 99 days after the accident (*see Komina v Gil*, 107 AD3d 596 [1st Dept 2013]).

In her cross motion, which is no longer moot, plaintiff established prima facie that she is entitled to summary judgment on the issue of liability by submitting evidence demonstrating that defendant Yun Baek Sung changed lanes improperly, striking her vehicle in the side (*see* Vehicle and Traffic Law § 1128 [a]; *Velasquez v MTA Bus Co.*, 132 AD3d 485 [1st Dept 2015]; *Zummo v Holmes*, 57 AD3d 366 [1st Dept 2008]). In opposition, defendants failed to raise a triable issue of fact as to defendant Sung's responsibility or plaintiff's comparative negligence.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Gische and Kapnick, JJ.