■ Rosangely Roldan, Appellant, v Victor Conti et al., Respondents. [26 NYS3d 472]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered October 3, 2014, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's claims of a serious injury to her lumbar spine, unanimously modified, on the law, to deny the motion with respect to plaintiff's claims of a permanent consequential or significant limitation of use of her lumbar spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a permanent consequential or signification limitation of use of her lumbar spine as a result of the accident at issue, by submitting the affirmed report of a neurologist who found full range of motion and normal function of the spine, as well as the report of a radiologist who attributed plaintiff's disc herniations to a chronic, preexisting condition (*see Alvarez v NYLL Mgt. Ltd.*, 120 AD3d 1043, 1044 [1st Dept 2014], *affd* 24 NY3d 1191 [2015]).

In opposition, plaintiff raised a triable issue of fact by submitting the affirmation of her treating physician, who found

contemporaneous objective evidence of injury and persisting limitations in range of motion that were not insignificant as a matter of law, and explained her basis for concluding that plaintiff's lumbar disc herniations were caused by the accident (*see Young Kyu Kim v Gomez*, 105 AD3d 415, 415 [1st Dept 2013]). Plaintiff's treating physician also provided an explanation for plaintiff's gap in treatment sufficient to raise an issue of fact (*id.*).

Plaintiff's deposition testimony that she was not confined to bed and home after the accident, and that she did not miss any school, defeats her 90/180-day claim (*see Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.