■ GUSTAVO SANTANA, Appellant, v MARITZA CENTENO et al., Respondents. [33 NYS3d 230]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 2, 2015, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion with respect to plaintiff's claims of serious injury to his right knee and lumbar spine, and otherwise affirmed, without costs.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury involving a permanent consequential or significant limitation in use of his spine or right knee by submitting the affirmed report of their orthopedic expert who, after examining plaintiff, found full range of motion, absence of functional limitations or neurological symptoms, and opined that the knee condition would not have been caused by the accident and that any knee or spinal injuries were fully resolved (see Adu v Kirby, 132 AD3d 517, 517 [1st Dept 2015]; Perdomo v City of New York, 129 AD3d 585, 585 [1st Dept 2015]; Malupa v Oppong, 106 AD3d 538, 539 [1st Dept 2013]).

In opposition, plaintiff raised a triable issue of fact as to his right knee and lumbar spine injuries by submitting the affirmation of his treating physician, who found persisting limitations in range of motion, and affirmed MRI reports providing objective medical evidence of injury to the right knee and lumbar spine (see Roldan v Conti, 137 AD3d 507, 507-508 [1st Dept 2016]). Given that plaintiff was 20 years old and had no prior knee or back symptoms, his doctor's opinion that the injuries were directly caused by the accident was sufficient to raise an issue of fact as to causation (see Jallow v Siri, 133 AD3d 1391 [1st Dept 2015]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]).

Plaintiff adequately addressed the gap in his treatment by submitting his deposition testimony and an affidavit in which he attested that he stopped treatment because he could not afford to pay for it after his no-fault benefits had expired, and later resumed treatment when a payment arrangement was

made with his doctor (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905 [2013]; *Young Kyu Kim v Gomez*, 105 AD3d 415, 415 [1st Dept 2013]).

Plaintiff, however, did not submit objective medical evidence of injury to his cervical spine, or any evidence that any limitation in use of his cervical spine range of motion persisted (*see Lee v Lippman*, 136 AD3d 411, 412 [1st Dept 2016]; *Haniff v Khan*, 101 AD3d 643 [1st Dept 2012]). At trial, if plaintiff establishes a serious injury to his right knee and lumbar spine, he may recover for all injuries causally related to the accident, even those that do not meet the serious injury threshold (*see Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

Plaintiff's testimony that he missed only three or four days of work after the accident defeats his 90/180-day claim (*see Streeter v Stanley*, 128 AD3d 477, 478 [1st Dept 2015]; *Frias v Son Tien Liu*, 107 AD3d 589, 590 [1st Dept 2013]). Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.