■ PATRICIA BROWNIE, Appellant-Respondent, v DONALD REDMAN et al., Respondents-Appellants. [42 NYS3d 820]—

Order, Supreme Court, Bronx County (Alexander W. Hunter,

Jr., J.), entered March 22, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's claim that she suffered a serious injury to her left knee within the meaning of Insurance Law § 5102, and denied the motion to the extent it sought dismissal of the 90/180-day serious injury claim, unanimously reversed, on the law, without costs, to deny the branch of the motion seeking dismissal of plaintiff's claim of serious injury to her left knee and to grant the branch of the motion seeking dismissal of the 90/180-day claim.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury to her left knee by submitting the report of an orthopedist, who found no objective evidence of disability and full range of motion (see Birch v 31 N. Blvd., Inc., 139 AD3d 580 [1st Dept 2016]; Streeter v Stanley, 128 AD3d 477 [1st Dept 2015]).

In opposition, plaintiff raised a triable issue of fact as to her left knee injury by submitting the report of her treating orthopedic surgeon, who found persisting limitations in range of motion, and opined, based on his review of the MRI films and observations during surgery, that plaintiff's injuries were caused by the accident (see Santana v Centeno, 140 AD3d 437 [1st Dept 2016]; Steele v Santana, 125 AD3d 523 [1st Dept 2015]). The surgeon acknowledged the presence of arthritis in plaintiff's left knee, but pointed to specific medical evidence of trauma to support his opinion that the torn menisci were caused by the accident (see Swift v New York Tr. Auth., 115 AD3d 507 [1st Dept 2014]).

Although defendants' expert did not examine plaintiff until more than two years after the accident, defendants established that plaintiff did not suffer a 90/180-day claim by relying on her admission in her verified bill of particulars that she was confined to home and bed for just one week after the accident (see Nakamura v Montalvo, 137 AD3d 695, 696 [1st Dept 2016]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]). In opposition, plaintiff failed to provide medical evidence sufficient to raise an issue of fact as to this claim. Concur—Mazzarelli, J.P., Sweeny, Richter, Manzanet-Daniels and Feinman, JJ.