■ MELODY GOMEZ, Appellant, v BERNARD DAVIS, Respondent. [45 NYS3d 399]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 24, 2015, which granted defendant's motion for summary judgment dismissing the complaint due to plaintiff's inability to meet the serious injury threshold of Insurance Law § 5102 (d), unanimously modified, on the law, to deny the motion with respect to plaintiff's claims of permanent consequential and significant limitation of use of her cervical spine and lumbar spine, and otherwise affirmed, without costs.

Defendant established prima facie that plaintiff did not sustain a serious injury involving limitation of use of the cervical spine or lumbar spine. Defendant submitted, inter alia, the affirmed report of an orthopedist finding full range of motion, normal test results, and resolved strains in both parts of the spine (see Blocker v Yun Baek Sung, 135 AD3d 494 [1st Dept 2016]; Haniff v Khan, 101 AD3d 643 [1st Dept 2012]).

Plaintiff's opposition raised triable issues of fact. The affirmed report of her radiologist provides objective medical evidence of the existence of a disc herniation in the cervical spine and disc bulges in the lumbar spine. Plaintiff's neurologist found significant limitations in range of motion, spasms, and positive clinical test results found upon recent examination, and, based on such findings and his review of plaintiff's medical records, opined that the symptoms were permanent and causally related to the accident (see Blocker at 494). Plaintiff adequately explained her gaps in treatment when she testified that her insurance company stopped coverage, and

that her new insurance company would not cover further treatment (*see Ramkumar v Grand Style Transp. Enters. Inc.*, 22 NY3d 905, 906-907 [2013]). While defendant contends that plaintiff did not provide admissible evidence of post-accident treatment, he did not make any prima facie showing of a lack of causal connection between the claimed injuries and the accident, and his expert listed the records of plaintiff's post-accident treatment (*see Streeter v Stanley*, 128 AD3d 477 [1st Dept 2015]). Under the circumstances, plaintiff's testimony concerning her post-accident treatment is sufficiently supported by the uncertified medical records (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]; *Pantojas v Lajara Auto Corp.*, 117 AD3d 577 [1st Dept 2014]), which may be considered for that limited purpose since they are not the only admissible evidence submitted in opposition (*see Clemmer v Drah Cab Corp.*, 74 AD3d 660 [1st Dept 2010]).

Dismissal of the 90/180-day injury claim was proper in light of plaintiff's testimony that she was confined to bed and home for only three days after the accident (*Santana v Centeno*, 140 AD3d 437 [1st Dept 2016]). Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ. 