■ Maria Barreras, Appellant, v Francisco Martinez Vargas et al., Respondents. [58 NYS3d 31]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 25, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim of serious injury (Insurance Law § 5102 [d]) to the right shoulder, unanimously reversed, on the law, without costs, and the motion denied.

Defendants made a prima facie showing that plaintiff did not sustain a serious injury to her right shoulder by submitting the report of their radiologist, who opined that plaintiff's

MRI showed longstanding degenerative tears and that there was no evidence to suggest that plaintiff sustained a traumatic injury (*see Kang v Almanzar*, 116 AD3d 540 [1st Dept 2014]). Defendants further demonstrated an absence of causation through the report of their orthopedist, who opined that plaintiff's post-accident medical records, which showed no complaints of right shoulder pain, were inconsistent with any claim of traumatic injury to her right shoulder (*see Frias v Gonzalez-Vargas*, 147 AD3d 500, 501 [1st Dept 2017]). In addition, plaintiff did not seek treatment for her claimed right shoulder injuries until several months after the accident (*see Jones v MTA Bus Co.*, 123 AD3d 614, 615 [1st Dept 2014]; *see also Henchy v VAS Express Corp.*, 115 AD3d 478, 479 [1st Dept 2014]).

In opposition, plaintiff raised an issue of fact (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]). Contrary to defendants' contention, plaintiff's emergency room records reflect contemporaneous complaints of pain, since X rays of the right shoulder were ordered at the time. Plaintiff's treating physician noted that plaintiff had undergone physical therapy in the months following the accident, and found that she had limited range of motion in her right shoulder. Her orthopedic surgeon observed rotator cuff and superior labral tears during surgery, measured range-of-motion limitations two years after the surgery, and provided a sufficient opinion, based on his treatment of plaintiff, his review of the MRI report, and his observations during surgery, that, although there were degenerative conditions in plaintiff's shoulder consistent with her age, the tears were causally related to the accident (*see Liz v Munoz*, 149 AD3d 646 [1st Dept 2017]; *Swift v New York Tr. Auth.*, 115 AD3d 507 [1st Dept 2014]). Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.