Wenegieme v Harriott (2018 NY Slip Op 00009)





Wenegieme v Harriott


2018 NY Slip Op 00009


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5321 303029/13

[*1]Celeste Wenegieme, Plaintiff-Appellant,
v
Delroy Harriott, et al, Defendants-Respondents.


Gropper Law Group PLLC, New York (Joshua Grooper of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered October 6, 2016, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion with respect to plaintiff's claim of serious injury to her cervical and lumbar spine and the 90/180 day claim, and otherwise affirmed, without costs.
Assuming defendants made a prima facie showing that plaintiff did not sustain a serious injury to her cervical spine or lumbar spine, plaintiff raised triable issues of fact as to those claims. In support of their motion, defendants submitted MRI reports showing multiple bulging discs and a herniated disc, as well as other medical records. Since the records were properly before the court and not disputed by defendants, plaintiff was entitled to rely upon them to show objective evidence of injury (Bent v Jackson, 15 AD3d 46, 47-48 [1st Dept 2005]; see also Mitchell v Calle, 90 AD3d 584, 585 [1st Dept 2011]). Plaintiff demonstrated the existence of significant limitations in spinal range of motion, both shortly after the accident and recently, through the affirmed report of her treating physiatrist (see Castillo v Abreu, 132 AD3d 520, 521 [1st Dept 2015]), who also opined that plaintiff's limitations were causally related to the accident (see Yuen v Arka Memory Cab Corp., 80 AD3d 481, 482 [1st Dept 2011]).
Plaintiff's gap in treatment is not dispositive, as she explained that, after 11 months of therapy, her physician told her any further treatment would be palliative in nature. Moreover, her physician stated that her condition remained persistent throughout treatment (see Roldan v Conti, 137 AD3d 507, 508 [1st Dept 2016]; see also Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905 [2013]).
Defendants made a prima facie showing that plaintiff's shoulder injuries were not causally related to the accident, but involved preexisting congenital and degenerative conditions, as reflected in her radiologist's MRI report (see Barreras v Vargas, 151 AD3d 620, 620-621 [1st Dept 2017]). Plaintiff failed to raise an issue of fact. Her physician provided only a conclusory opinion that her right shoulder injuries were caused by the accident, without addressing the preexisting degenerative conditions documented in her own MRI, or explaining why her current reported symptoms were not related to the preexisting conditions (see Lee v Lippman, 136 AD3d [*2]411, 412 [1st Dept 2016]; Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043, 1044 [1st Dept 2014], affd 24 NY3d 1191 [2015]).
The 90/180 day claim is reinstated inasmuch as there was no motion to dismiss it.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK