Lewis v Revello (2019 NY Slip Op 03730)





Lewis v Revello


2019 NY Slip Op 03730


Decided on May 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2019

Richter, J.P., Manzanet-Daniels, Webber, Kern, JJ.


9298A 9298

[*1] Kiera Lewis, Plaintiff-Respondent,
v
Joseph N. Revello, Jr., Defendant-Appellant.


Kelly, Rode & Kelly, LLP, Mineola (Eric P. Tosca of counsel), for appellant.
Arnold DiJoseph, P.C., New York (Arnold DiJoseph of counsel), for respondent.



Order, Supreme Court, New York County (Adam Silvera, J.), entered April 19, 2018, which denied defendant's motion for summary judgment dismissing the complaint based on plaintiff's inability to establish a serious injury within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, to dismiss plaintiff's 90/180-day claim, and otherwise affirmed, without costs, and order, same court, Justice and entry date, which granted plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.
Plaintiff seeks to recover for injuries sustained to her back and left hip as the result of being hit by defendant's vehicle while she was crossing the street.
In support of his motion for summary judgment dismissing the complaint, defendant submitted, inter alia, the expert report of an orthopedist who found plaintiff had full range of motion in her left hip and apparently found a significant 30 degree limitation in range of motion in the lumbar spine. The orthopedist opined that plaintiff's injuries, as found in MRI reports, were caused by the accident but fully resolved. The orthopedist's findings were sufficient to meet defendant's prima facie burden concerning the claims of left hip injury, but, since his findings of limitations in the lumbar spine conflicted with his findings of an absence of serious injury, the burden did not shift on the lumbar spine claims (see Santos v New York City Tr. Auth., 99 AD3d 550, 550 [1st Dept 2012]; see Susino v Panzer, 127 AD3d 523, 524 [1st Dept 2015]; Clark v Aquino, 113 AD3d 1076, 1076 [4th Dept 2014]). Defendant also submitted the report of a radiologist who opined that plaintiff's hip conditions were not causally related to the accident, which conflicted with the orthopedist's opinion as to causation, and therefore did not shift the burden of proof to plaintiff on that issue (see Johnson v Salaj, 130 AD3d 502, 502-503 [1st Dept 2015]).
In any event, plaintiff raised triable issues of fact through the report of her expert orthopedist, who, among other things, documented limitations in range of motion of her left hip and lumbar spine, and explained his conclusion that the left hip injury was causally related to the accident (see Gomez v Davis, 146 AD3d 456, 456 [1st Dept 2017]; see also Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]). Defendant's argument that plaintiff failed to explain a gap in her treatment is unavailing, since it ignores her deposition testimony that she in fact was continuing treatment with various medical providers. Moreover, since defendant improperly raised the argument for the first time in reply, plaintiff did not have any opportunity to respond by submitting supporting proof of such treatment (see Pauling v City Car & Limousine Servs., Inc., 155 AD3d 481 [1st Dept 2017]).
However, plaintiff's "90/180-day" claim should have been dismissed, since defendant submitted her deposition testimony that she only missed three days of work, and returned to work after working from home for another five days. Plaintiff submitted no evidence to raise an issue of fact on this claim (see Thompson v Bronx Merchant Funding Servs., LLC, 166 AD3d [*2]542, 544 [1st Dept 2018]; Frias v Son Tien Liu, 107 AD3d 589, 590 [1st Dept 2013]).
As to liability, plaintiff established her prima facie entitlement to partial summary judgment by showing that she was crossing the street within the crosswalk, with the light in her favor, when defendant's vehicle struck her while making a left turn (see Perez-Hernandez v M. Marte Auto Corp., 104 AD3d 489, 490 [1st Dept 2013]). Plaintiff was not required to demonstrate her freedom from comparative fault to be entitled to partial summary judgment as to defendant's liability (see Derix v Port Auth. of N.Y. & N.J., 162 AD3d 522, 522 [1st Dept 2018]; see generally Rodriguez v City of New York, 31 NY3d 312 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2019
CLERK