Montoya v Rosenberger (2019 NY Slip Op 07694)





Montoya v Rosenberger


2019 NY Slip Op 07694


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10186 21204/16E

[*1] Andres F. Montoya, et al., Plaintiffs-Appellants,
v K.P. Rosenberger, Defendant-Respondent.


Mitchell Dranow, Sea Cliff, for appellants.
Picciano & Scahill, P.C., Bethpage (Keri A. Wehrheim of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about August 29, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing plaintiff Montoya's claim that he sustained a "significant limitation of use" injury to his lumbar spine within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion denied.
Defendant established prima facie absence of a serious injury in Montoya's lumbar spine by submitting the affirmed report of an orthopedic surgeon, who examined Montoya and found full range of motion and resolved sprain and strain. Defendant also submitted the affirmed report of a radiologist, who opined that the "facet arthropathy" and "synovial cyst" reflected in the MRI film were preexisting degenerative conditions (see Holloman v American United Transp. Inc., 162 AD3d 423 [1st Dept 2018]).
In opposition, plaintiffs raised triable issues of fact. The affirmed report of Montoya's treating physician demonstrated persisting meaningful limitations a year and nine months after the accident, raising an issue of fact as to existence of a "significant limitation" (see Kone v Rodriguez, 107 AD3d 537, 538 [1st Dept 2013]). The MRI finding of a synovial cyst by Montoya's radiologist, and the treating physician's finding of muscle spasms and nerve root irritation and/or radiculopathy, provided objective proof of a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]). Although the MRI report is unaffirmed, the finding of a cyst is nonetheless admissible, as defendant's and plaintiffs' radiologists both confirm its existence (see Clemmer v Drah Cab Corp., 74 AD3d 660, 661-662 [1st Dept 2010]).
The treating physician's opinion that Montoya's lumbar spine condition was causally related to the accident was sufficient to raise a triable issue of fact as to causation. In view of plaintiff's relatively young age, absence of a reported history of lumbosacral injury, and the onset of symptoms shortly after the accident, the opinion of Montoya's doctor that his lumbar conditions were causally related to the accident, based on his treatment and review of Montoya's medical records, sufficiently raised "a different, yet altogether equally plausible, cause" of the injuries (Fathi v Sodhi, 146 AD3d 445, 446 [1st Dept 2017] [internal quotation marks omitted]). The doctor's affirmed report also provided a reasonable explanation for Montoya's gap in treatment by stating that he had reached "maximal improvement" (see Pommells v Perez, 4 NY3d 566, 577 [2005]).
Furthermore, plaintiffs demonstrated the contemporaneous treatment required to establish a causal link between Montoya's injuries and the accident (see Perl v Meher, 18 NY3d 208, 217-218 [2011]) by submitting a report on initial examination two weeks post accident and by submitting Montoya's testimony that he sought treatment for his lower back shortly after the accident
(see Gomez v Davis, 146 AD3d 456 [1st Dept 2017]; Pietropinto v Benjamin, 104 AD3d 617 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK