Perez-Vargas v Aarron (2020 NY Slip Op 05603)





Perez-Vargas v Aarron


2020 NY Slip Op 05603


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Manzanet-Daniels, J.P., Gische, Gesmer, Singh, JJ. 


Index No. 304887/14 Appeal No. 11994 Case No. 2019-03637 

[*1]Luis Perez-Vargas, Plaintiff-Appellant,
v
Jon-Luc Bonano Aarron, Defendant-Respondent.


Richard C. Bell, New York, for appellant.
Sobel Pevzner, LLC, New York (Paul X. Lima of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about July 5, 2019, which, to the extent appealed from as limited by the briefs, granted defendant's motion for summary judgment dismissing the claims of serious injury under Insurance Law § 5102(d) resulting in permanent consequential limitation of use and significant limitation of use of the cervical, thoracic, and lumbar spine, left shoulder, and right knee, unanimously modified, on the law, to deny the motion as to the claims of significant limitation of use, and otherwise affirmed, without costs.
Defendant failed to establish prima facie that plaintiff's claimed injuries were not causally related to the motor vehicle accident. He submitted a report by a radiologist who found that plaintiff's MRI films showed degenerative conditions in the spine, left shoulder and right knee, and no evidence of recent traumatic injury. However, he also submitted an expert orthopedic surgeon's report that was internally inconsistent as to whether plaintiff's claimed injuries were causally related to the accident and a report by a no-fault examiner who examined plaintiff after the procedures and concluded that plaintiff's conditions were causally related to the accident. In addition, defendant submitted inadmissible evidence of subsequent accidents, which in any event did not indicate injury to the body parts at issue. Thus, the burden of proof did not shift to plaintiff on the issue of causation (see Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]; Johnson v Salaj, 130 AD3d 502, 502-503 [1st Dept 2015]).
With respect to the injuries claimed, the no-fault examiner found normal ranges of motion; the orthopedic surgeon found decreased ranges of motion but opined that this was subjective and "dependent on claimant effort," noting that there were no objective findings on examination. Defendant also submitted plaintiff's testimony that after undergoing arthroscopic procedures on his lumbar spine, left shoulder and right knee, he stopped feeling pain and, despite having health insurance, ceased treatment; this requires explanation by plaintiff (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiff failed to adequately explain his complete cessation of treatment after he underwent the three arthroscopic surgical procedures. He offered one physician's belated statement that further treatment of the right knee and left shoulder would have been palliative only (see id. at 576). However, this statement fails to address plaintiff's admission that he no longer felt pain in his spine, knee and shoulder after the surgical treatment and therapy, which indicates that his injuries had resolved and no further treatment of any kind was needed (see Alverio v Martinez, 160 AD3d 454, 455 [1st Dept 2018]). Plaintiff's cessation of treatment after undergoing the three surgical procedures renders his treating physicians' findings of permanency speculative (see Holmes v Brini Tr. Inc., 123 AD3d 628, 628-629 [1st Dept 2014]).
However, plaintiff raised an issue of fact as to whether he sustained non-permanent injuries, i.e., significant limitations of use, by submitting his treating physicians' reports finding limitations in range of motion of the spine and shoulder and qualitative limitation in use of the knee and opining that these limitations were causally related to the accident and required surgical intervention (see Arias v Martinez, 176 AD3d 548, 549 [1st Dept 2019]; see generally Vasquez v Almanzar, 107 AD3d 538, 539 [1st Dept 2013]).
If a jury determines that plaintiff has met the threshold for serious injury, it may award damages for any other injuries that are causally related to the accident, even if those injuries do not meet the serious injury threshold (Arias, 176 AD3d at 549). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020