Nwanji v City of New York (2021 NY Slip Op 00501)





Nwanji v City of New York


2021 NY Slip Op 00501


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 300842/14 Appeal No. 12990 Case No. 2019-03459 

[*1]Christopher Nwanji, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.


Michael N. David, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 7, 2019, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's complaint alleging that he sustained a serious injury to his lumbar spine within the meaning of Insurance Law § 5102(d), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that he sustained disc herniations as the result of a motor vehicle collision with defendants' ambulance in November 2012. In moving for summary judgment, defendants established prima facie the lack of medical findings of resulting limitations through the report of their expert neurologist, who documented normal range of motion and opined that plaintiff had fully recovered from lumbar strain/sprain sustained as a result of the accident (see Cano v U-Haul Co. of Ariz., 178 AD3d 409, 409 [1st Dept 2019]; Pouchie v Pichardo, 173 AD3d 643, 644 [1st Dept 2019]; Castro v DADS Natl. Enters., Inc., 165 AD3d 601, 601 [1st Dept 2018]; Haniff v Khan, 101 AD3d 643, 643 [1st Dept 2012]).
However, defendants did not meet their prima facie burden on causation because their expert neurologist — who was aware that an MRI of plaintiff's lumbar spine performed in January 2013, before he was involved in a subsequent motor vehicle accident, showed the herniations alleged by plaintiff to have been caused by the subject accident — expressly opined that plaintiff's claimed injuries were causally related to the subject accident and that there was no evidence of any contributing preexisting condition, even in spite of degenerative findings noted on X rays taken after the subsequent accident (see e.g. Perez-Vargas v Aarron, 187 AD3d 485, 485-486 [1st Dept 2020]; Jackson v Leung, 99 AD3d 489, 489 [1st Dept 2012]). Accordingly, the burden of proof on causation never shifted to plaintiff, and he therefore was not required to submit proof of treatment contemporaneous with the accident, since "a contemporaneous doctor's report is important to proof of causation" (Perl v Meher, 18 NY3d 208, 217-218 [2011]).
Additionally, although defendants argued that plaintiff apparently ceased treatment as of April 2015 — which, ordinarily, plaintiff would be required to explain (see Pommells v Perez, 4 NY3d 566, 574-575 [2005]) — defendants also submitted plaintiff's deposition transcript in support of their motion, in which he explained that he ceased treatment because his no-fault benefits were terminated and he could no longer afford to continue treatment. This was a sufficient explanation for plaintiff's cessation of treatment (see generally Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905 [2013]), and therefore defendants failed to eliminate all issues of fact on the matter. Additionally, because defendants did not identify, in their motion papers, a perceived two-year gap between the subject accident and when plaintiff apparently, according [*2]to their expert neurologist's report, began treatment in November 2014, plaintiff was not required to address this issue either (see e.g. Massillon v Regalado, 176 AD3d 600, 601 [1st Dept 2019]).
In opposition to defendants' prima facie showing of the lack of medical findings of resulting limitations, plaintiff raised an issue of fact through the report of his expert physiatrist, who measured limitations in range of motion at a recent examination and causally related them to the subject accident (see e.g. Perez-Vargas, 187 AD3d at 486-487; Lewis v Revello, 172 AD3d 505, 506 [1st Dept 2019]; see generally Perl, 18 NY3d at 218). Since, as noted above, the burden of proof did not shift to plaintiff either on causation or to address his gap in or cessation of treatment, nothing more was required of him.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021