Diaz v Vivar-Martinez (2021 NY Slip Op 01843)





Diaz v Vivar-Martinez


2021 NY Slip Op 01843


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

Before: Renwick, J.P., Mazzarelli, Singh, González, JJ. 


Index No. 27232/18E Appeal No. 13413 Case No. 2020-02332 

[*1]Ramon Diaz et al., Plaintiffs-Appellants,
v
Alejandro Vivar-Martinez et al., Defendants-Respondents.


Sobo & Sobo, LLP, Middletown (Mark P. Cambareri of counsel), for appellants.
Robert D. Grace, Brooklyn, for respondents.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered on or about February 18, 2020, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiffs did not sustain serious injuries under Insurance Law § 5102(d), unanimously modified, on the law, to deny the motion as to plaintiff Ramon Diaz's claim of serious injury to his right shoulder and plaintiff Monica Diaz's claim of serious injury to her cervical spine under the "significant limitation of use" and "permanent limitation of use" categories, and otherwise affirmed, without costs.
As for plaintiff Ramon Diaz's (Ramon) right shoulder injury, defendants met their prima facie burden through their orthopedic surgeon's report, finding no objective limitations or positive findings on physical examination (see Haniff v Khan, 101 AD3d 643, 643 [1st Dept 2012]). In opposition, plaintiffs raised a triable issue of fact by submitting the affirmed report of an orthopedic surgeon who reviewed Ramon's medical records and found reduced range of motion and other positive findings in Ramon's right shoulder, which is sufficient to raise an issue of fact as to whether he sustained a serious injury involving significant and permanent limitation of use (see Streeter v Stanley, 128 AD3d 477, 477 [1st Dept 2015]). "Since injuries may worsen over time, evidence of contemporaneous range of motion limitations is not a prerequisite to plaintiff's claim" (Paulino v Rodriguez, 91 AD3d 559, 559-560 [1st Dept 2012]; see also Perl v Meher, 18 NY3d 208, 217-218 [2011]). Since defendants did not establish a lack of causation or dispute that Ramon sustained a shoulder injury requiring surgery as a result of the accident, the burden never shifted to plaintiffs on that issue to submit evidence of causation, which could include evidence of contemporaneous treatment (see Nwanji v City of New York, 190 AD3d 650 [1st Dept 2021]; Perez-Vargas v Aarron, 187 AD3d 485 [1st Dept 2020]; see generally Rosa v Mejia, 95 AD3d 402 [1st Dept 2012]). In any event, plaintiff's doctor concluded that, based on Ramon's examination and prior medical records, his injuries were caused by the accident (see Windham v New York City Tr. Auth., 115 AD3d 597, 598 [1st Dept 2014]).
As for Monica's claims of serious injury to her lumbar and cervical spine, defendants established prima facie that she did not sustain a serious injury in the accident. Defendants' orthopedic surgeon noted normal ranges of motion in Monica's cervical and lumbar spine and negative findings on various objective tests, and their radiologist opined that the MRI findings in her cervical and lumbar spine represented degenerative changes (see Lee v Lippman, 136 AD3d 411, 412 [1st Dept 2016]; Shu Chi Lam v Wang Dong, 84 AD3d 515, 515 [1st Dept 2011]).
Plaintiffs raised a triable issue of fact with respect to Monica's claim of serious injury to her cervical spine, but not to her lumbar spine. The examining doctor's opinion [*2]that her condition was causally related to the accident, based on the medical record, including the cervical spine MRI taken shortly after the accident and the fact that she underwent cervical spine surgery within three months of the accident, is sufficient to raise a triable issue of fact as to causation (see e.g. Angeles v American United Transp., Inc., 110 AD3d 639 [1st Dept 2013]; Yuen v Arka Memory Cab Corp., 80 AD3d 481 [1st Dept 2011]). Since defendant's showing did not rely on Monica's own medical records, this showing was sufficient (see Jenkins v Livo Car Inc., 176 AD3d 568, 569 [1st Dept 2019]). Her medical expert's report is also sufficient to raise a triable issue of fact as to whether Monica sustained a significant or permanent consequential loss of use, as he noted reduced range of motion and muscle spasms in Monica's cervical spine nearly three years after the accident (see id.).
However, plaintiffs failed to rebut defendants' prima facie showing with respect to Monica's claim of serious injury to her lumbar spine. In addition to defendants' radiologist noting degenerative changes in her lumbar spine, Monica testified to having a preexisting lumbar spine condition and undergoing an MRI for it shortly before the accident. However, her expert did not address her preexisting lumbar spine condition in his report (see Turner v Benycol Transp. Corp., 78 AD3d 506, 507 [1st Dept 2010]; see generally Pommells v Perez, 4 NY3d 566 [2005]). Accordingly, plaintiffs' evidence is insufficient to overcome defendants' summary judgment motion with respect to Monica's lumbar spine injury. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021