Lamar-Vaterpool v Devora (2021 NY Slip Op 06765)





Lamar-Vaterpool v Devora


2021 NY Slip Op 06765


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 27406/19E Appeal No. 14760 Case No. 2021-02003 

[*1]Melisa Lamar-Vaterpool, Plaintiff-Appellant,
v
Juan I. Devora et al., Defendants-Respondents.


Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C., Garden City (David Matthew Kittrell of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C., Brooklyn (Marjorie E. Bornes of counsel), for respondents.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered April 5, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claim of serious injury to plaintiff's spine and the claim under the 90/180-day category of Insurance Law § 5102(d), unanimously affirmed, without costs.
Contrary to plaintiff's reading of the order on appeal, the motion court did not find, as a matter of law, that plaintiff had sustained a serious injury involving a significant limitation of use to her left shoulder; rather, the motion court found only that plaintiff had raised a triable issue of fact with respect to that shoulder injury. Although plaintiff did not present evidence of permanent or significant limitations of use in her spine, if she prevails on her serious injury claim because of her shoulder injury, she will be entitled to recover damages to compensate her for all injuries caused by the accident, whether or not they meet the meet the serious injury threshold (see Kang v Almanzar, 116 AD3d 540, 541 [1st Dept 2014], citing Rubin v SMS Taxi Corp., 71 AD3d 548, 549 [1st Dept 2010]).
The court correctly dismissed plaintiff's claims under the other serious injury categories of Insurance Law § 5102(d). As to the 90/180-day category, there are no issues of fact as to whether plaintiff was confined to bed or home for any period after the accident (see e.g. Streeter v Stanley, 128 AD3d 477, 478 [1st Dept 2015]). Likewise, there are no issues of fact as to whether plaintiff sustained a "permanent loss of use" or "permanent consequential limitation" of any body part (see e.g. Smith v Green, 188 AD3d 473, 474 [1st Dept 2020]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021