Velazquez v City of New York (2021 NY Slip Op 06973)





Velazquez v City of New York


2021 NY Slip Op 06973


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Kern, J.P., Kennedy, Scarpulla, Mendez, Shulman, JJ. 


Index No. 24051/17E Appeal No. 14832 Case No. 2020-03002 

[*1]Edwin Velazquez, Plaintiff-Respondent,
v
City of New York et al., Defendants-Appellants.


James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for appellants.
Burns & Harris, New York (Mariel T. Crippen of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 22, 2020, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the claims of a serious injury involving permanent consequential and significant limitation of use under Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants failed to establish, prima facie, that plaintiff's injuries were not caused by the accident. Although defendants submitted plaintiff's emergency room records reflecting minimal treatment and the opinions of a radiologist and an engineer that plaintiff's claimed cervical and lumbar spine injuries were not caused by trauma from the accident, defendants' own orthopedic expert opined that plaintiff's injuries, although resolved, were causally related to the accident. Accordingly, the burden of proof on causation never shifted to the plaintiff (see Nwanji v City of New York, 190 AD3d 650 [1st Dept 2021]; Perez-Vargas v Aarron, 187 AD3d 485 [1st Dept 2020]).
However, defendants did establish, prima facie, that plaintiff did not sustain a serious injury involving permanent consequential and significant limitation of use by submitting the opinions of their medical expert orthopedist and neurologist, who found no evidence of significant abnormalities on physical examination and concluded that plaintiff's sprains and strains had resolved (see Haniff v Khan, 101 AD3d 643 [1st Dept 2012]). Observations of mild reductions in plaintiff's range of motion do not undermine the experts' conclusion that plaintiff did not sustain a serious injury in the accident (see Mendoza v L. Two Go, Inc., 171 AD3d 462 [1st Dept 2019]; Rose v Tall, 149 AD3d 554 [1st Dept 2017]). Defendants also showed that plaintiff stopped his treatment six months after the accident, although he had private insurance (see Pommells v Perez, 4 NY3d 566 [2005]).
In opposition, plaintiff raised an issue of fact as to whether he sustained a serious injury by submitting his treating physician's findings of significant limitations in range of motion in plaintiff's cervical and lumbar spine within two months of the accident and MRI scans from shortly after the accident showing disc herniations and bulges, which support the physician's findings (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]). Plaintiff also raised an issue of fact as to whether his injuries are permanent by submitting his medical records showing that he continued to exhibit significant limitations in range of motion more than three years after the accident (see Park v He Jung Lee, 84 AD3d 904, 905 [2d Dept 2011]). Additionally, plaintiff provided a reasonable explanation for the cessation of treatment, specifically that his no-fault insurance stopped covering his therapy and that he continued to do home exercises, as instructed, to address continuing pain (see Pommells v Perez, 4 NY3d at 577; Dennis v New York City Tr. Auth., 84 AD3d 579 [1st Dept 2011]; [*2]Wadford v Gruz, 35 AD3d 258, 258-259 [1st Dept 2006]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021